SHIVERS, Senior Judge.
The Agency for Health Care Administration (AHCA) appeals a final order of the hearing officer finding that Rule 59C-1.031, Florida Administrative Code, is an invalid exercise of delegated legislative authority. Appellant does not challenge the Hearing Officer’s invalidation of subsections (3)(a), (b), and (c) of the rule, it merely argues that the hearing officer erred in invalidating the other portions of Rule 59C-1.031 because the evidence adduced at hearing was relevant exclusively to the need methodology contained in subsections (3)(a), (b) and (c), and the petitioner never challenged any other parts of the Rule. We agree and reverse.
Appellant, the Agency for Health Care Administration, is the state agency charged with responsibility for administration of the Certificate of Need program, which includes the review of Medicare certified home health agencies under chapter 408, Florida Statutes. Appellee, Principal Nursing Services, Inc. (PNS), is a corporation engaged in the business of providing Medicaid and non-Medicare home health services in Dade County. It filed a Petition for Administrative Determination of the Invalidity of Agency Rule seeking a determination that Rule 59C-1.031 was invalid after it was denied a certificate of need to provide Medicare certified reimbursed services in Dade County. In its petition, PNS raised the issue of whether Rule 59C-1.031 was an invalid exercise of delegated legislative authority because it enlarged, modified or contravened specific provisions of section 408.034, Florida Statutes, was arbitrary and capricious in its definition of cost effective agency size, and because it grossly underestimated the actual number of Medicare certified home health agency visits- it needed in its projections.
A hearing was held before Hearing Officer Diane Cleavinger, who invalidated Rule 59C-1.031 on the grounds that the need methodology in subsection (3)(c) clearly contravened the provisions of chapter 408 that mandate consideration of health care economics, efficiency and cost containment in the establishment of uniform need methodologies, and that the rule’s calculation of cost efficient agency size was arbitrary and capricious and *1114 in contravention of chapter 408. According to AHCA, the hearing officer did not have a sufficient basis in the record for invalidating Rule 59C-1.031 in its entirety because the record below is completely void of any basis in law or fact to support the invalidation of Rules 59C-1.031(1)(2) and (3)(d)-(g).
Rule 59C-1.031, entitled “Medicare Certified Home Health Agencies” is divided into three subsections, (1) entitled “Definitions,” (2) entitled “Quality of Care,” and (3) entitled “Need Methodology.” Subsection (3) is further divided into seven sub-subsections: (a) provides that a certificate of need is required in order to operate a Medicare certified home health agency in a district; (b) states that the need for the establishment of a new home health agency will be determined twice a year; and (c) sets forth the formula by which the net need in each district is calculated. Sub-subsections (d), (e) and (f) establish preferences for certain applicants, and (g) prescribes data reporting requirements.
Appellant’s argument should prevail. We find no competent substantial evidence to support an invalidation of subsections (1), (2) and (3)(d)-(g) of Rule 59C-1.031. The hearing officer did not include any findings of fact or conclusions of law to support her invalidation of Rules 590-1.031(1), (2), and (3)(d)-(g); her Order focused exclusively on the need methodology addressed by Rules 59C-1.031(3)(a), (b) and (c). Further, the Petition for Administrative Determination of the Invalidity of Agency Rule did not indicate any grounds for invalidating either the definitions found in (1), the quality of care enunciated in (2), or the preferences or data reporting requirement in (3)(d)-(g). All the testimony presented at the hearing dealt with the need methodology, and no evidence submitted concerned any other topic. Further, all of the issues listed in the parties’ Prehearing Stipulation concerned the rule’s need methodology and not any other portions of the rule.
Although there are no Florida decisions directly on point, Agrico Chemical Co. v. State Department of Environmental Regulation, 365 So.2d 759, 763 (Fla. 1st DCA 1978), cert. denied, 376 So.2d 74 (Fla.1979) explains that the petitioner has the burden to show that the agency has exceeded its authority by adopting the rule challenged. Clearly, the petitioner below did not meet this burden with regard to any part of rule 59C-1.031 other than subsections (3)(a)-(c). Accordingly, the invalidation of Rules 59C-1.031(1), (2), and (3)(d)-(g) is REVERSED, but the invalidation of Rules 59C-1.031(3)(a)-(e) is AFFIRMED.
BARFIELD and KAHN, JJ., concur.